J. S31045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                    v.           :
                                 :
PABLO FRAN VIERA-CASTRO,         :          No. 1756 MDA 2019
                                 :
               Appellant         :


Appeal from the Judgment of Sentence Entered March 8, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0002137-2018


BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 25, 2020**

Pablo Fran Viera-Castro appeals from the March 8, 2019 judgment of

sentence, entered in the Court of Common Pleas of Dauphin County, after a

jury convicted him of strangulation.[1]  The trial court sentenced appellant to

36 to 72 months' incarceration.  After careful review, we affirm.

The facts, as summarized by the trial court, are as follows.

> [The victim] was in a relationship with [appellant],
> who is the father of the victim's children.  On April 9,
> 2018, the victim dropped her son off at school and
> when she returned home, [] appellant was there.
> [A]ppellant followed her into her home uninvited.  At
> some point, [] appellant touched the victim's breasts,
> the victim pushed [] appellant, and [] appellant
> pushed the victim against the wall.  [A]ppellant put
> his hands on the victim's neck and the victim could
> only breathe a little.  She had a hard time catching
> her breath because [] appellant's hands were around

---

[1] 18 Pa.C.S.A. § 2718(a).

her neck. Afterwards, the victim went to her sister's . . . nearby apartment, and called 9-1-1. At the time of the incident, a [p]rotection from [a]buse ("PFA") [o]rder was in place.

The Commonwealth introduced photographs of the injury . . . [and] the victim's statement to police following the incident. . . . The victim also identified [] appellant. . . . [Detective] Patrick Corkle . . . was dispatched to the scene . . . [and] testified that when he arrived on the scene, the victim was crying and distraught. The victim told Detective Corkle that she had been strangled and pointed to red marks on her neck. Detective Corkle testified that he saw the red marks on the victim and that there was a current PFA order in place at the time of the incident.

Trial court Rule 1925(a) opinion, 12/30/19 at 2-3 (citations to notes of testimony omitted).

On March 6, 2019, a jury convicted appellant of strangulation. The trial court imposed sentence on March 8, 2019. No post-sentence motion was filed. On June 17, 2019, appellant filed a ***pro se*** Post Conviction Relief Actpetition. Appellant's direct appeal rights were reinstated ***nunc pro tunc*** on September 26, 2019,[2] and he was directed to file a post-sentence motion

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

within ten days. A post-sentence motion was filed on October 11, 2019,[3] and

denied. Appellant timely appealed. Pursuant to the trial court's order,

appellant filed a concise statement of errors complained of on appeal. *See*

Pa.R.A.P. 1925(b). Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

> 1. Did the Commonwealth fail to present sufficient evidence to allow a jury to return a verdict of guilty on the charge of strangulation?
>
> 2. Was the verdict so contrary to weight of the evidence that it shocks one's sense of justice such that a new trial should be granted where the victim testified that during the short scuffle [a]ppellant had his hand on her neck for one second and that she could breathe the entire time?

Appellant's brief at 8 (bolding omitted).

Appellant contends the Commonwealth failed to prove beyond a

reasonable doubt that he applied pressure to the victim's throat or neck, that

---

[3] As noted by the trial court,

> [d]istribution appears to indicate that this [o]rder was put in the mail on September 27, 2019. This [o]rder was not sent via certified mail nor was the [d]efendant apprised of his rights on the record. Defendant's counsel has indicated that there was a delay in receiving this [o]rder and that she filed a post-sentence motion in a timely manner.

Trial court Rule 1925(a) opinion, 12/30/19 at 1-2 n.1. The trial court considered the motion to be timely filed. (*Id.* at 1.)

the victim was unable to breathe, or that he acted knowingly or intentionally. (**See** appellant's brief at 13, 15.)

We initially note that in both his Rule 1925(b) statement and the statement of the questions involved in his appellate brief, appellant fails to specify the elements upon which the evidence was insufficient to support his conviction for strangulation. Where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. **See Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa.Super. 2015). Nonetheless, because appellant has set forth the elements he challenges in his brief, we will address his sufficiency of the evidence argument.

As to challenges to the sufficiency of the evidence,

> [o]ur standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

**Commonwealth v. Alford**, 880 A.2d 666, 669-670 (Pa.Super. 2005), **appeal denied**, 890 A.2d 1055 (Pa. 2005), quoting **Commonwealth v. Gruff**, 822 A.2d 773, 775 (Pa.Super. 2003) (citations omitted), **appeal denied**, 863 A.2d 1143 (Pa. 2004).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that

> as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa.Super. 2015) (citations omitted), *appeal denied*, 119 A.3d 351 (Pa. 2015).

Pursuant to 18 Pa.C.S.A. § 2718(a), "[a] person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." The "[i]nfliction of physical injury to a victim is not an element of the offense", and "[t]he absence of physical injury to a victim is not a defense . . ." 18 Pa.C.S.A. § 2718(b). Further, "it is well-established that a victim's testimony alone can be sufficient to sustain a conviction." *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa.Super. 2018) (citation omitted). "[A] solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference." *Id*. (italics omitted).

In addressing the sufficiency of the evidence, in its Rule 1925(a) opinion, the trial court found as follows:

> Here, the victim, albeit reluctantly, testified that on April 9, 2018, [a]ppellant came to her residence,

> uninvited and followed her into her home. At some point, [a]ppellant touched the victim's breast, she pushed him and [a]ppellant shoved her against a wall. [] Appellant put his hands on her neck and grabbed her to a point she had trouble catching her breath. The Commonwealth played the 9-1-1 call and introduced photographs of the victim's neck area. As such, the jury was able to determine whether [a]ppellant knowingly or intentionally impeded the breathing of another person by applying pressure to the victim's neck. Accordingly, the Commonwealth presented sufficient evidence for the jury to find the defendant guilty of strangulation. Based upon the totality of the evidence presented, this Court is satisfied that ample evidence existed to support the jury's verdict as to strangulation beyond a reasonable doubt.

Trial court Rule 1925(a) opinion, 12/30/19 at 4. The record supports the trial court's findings.

Here, the victim testified that appellant grabbed her neck to the extent that it hurt and caused redness. (Notes of testimony, 3/5/19 at 19, 23-27.) The victim could only breathe a little and had difficulty catching her breath. (*Id.* at 17, 19.) Appellant said to the victim, "[w]hat do you want, for me to kill you?" (*Id.* at 18.) The victim's account of the incident was corroborated by the detective's testimony, photographs showing the redness on her neck, and her 9-1-1 call to the police, wherein her voice was raspy. (*Id.* at 49-50, 54, 56, 57.) Further, "there is nothing in the [strangulation] statute that sets forth the degree of breathing that is required to be impeded before [s]trangulation has occurred." ***Commonwealth v. Frasier***, 2020 WL 1490937 at *4 (Pa.Super. filed March 27, 2020) (unpublished memorandum).

Taking the evidence in the light most favorable to the Commonwealth, as verdict winner, there was sufficient evidence for the jury to find, beyond a reasonable doubt, that appellant committed the crime of strangulation.

Appellant asserts that the verdict was against the weight of the evidence because the victim testified that "during the short scuffle [a]ppellant had his hand on her neck for one second and that she could breathe the entire time."[4] (Appellant's brief at 8.)

We review the trial court's exercise of discretion in ruling on the weight claim, not the underlying question of whether the verdict was against the weight of the evidence. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). It is not our role, as a reviewing court, to reweigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Mitchell*, 902 A.2d 430, 449 (Pa. 2006). Further, "[r]esolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 305 (Pa.Super. 2019) (citation omitted). "The essence of appellate review for a weight claim [lies] in

---

[4] In both his post-sentence motion and Rule 1925(b) statement, appellant merely sets forth a boilerplate weight of the evidence claim. (*See* appellant's post-sentence motion, 10/11/19 at ¶ 11; appellant's Rule 1925(b) statement of errors complained of on appeal, 11/22/19 at ¶ 2.) Appellant's weight claim is, therefore, waived. *See Commonwealth v. Freeman*, 128 A.3d 1231 (Pa.Super. 2015) (holding issues of sufficiency and weight of the evidence waived for failing to offer specific reasons in Rule 1925(b) statement), *affirmed*, 200 A.2d 587 (Pa. 2018). However, because appellant sets forth a specified weight claim in his statement of questions involved, we will address the issue. (*See* appellant's brief at 8.)

ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion." ***Commonwealth v. Clay***, 64 A.3d 1049, 1054 (Pa. 2013) (citations and quotations omitted). To warrant a new trial on weight of the evidence grounds, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa.Super. 2003).

As found by the trial court:

> Again, we mention that the victim testified that [a]ppellant grabbed her by the neck and that she had a hard time catching her breath and could only breathe a little. The responding officer testified that the victim was distraught and crying and that he could see red markings on her neck. Photographs of her neck were also introduced for the jury to see and the 9-1-1 call was played. Accordingly, in light of the record and the evidence presented, including the photographs of the victim's injuries, the jury found [a]ppellant guilty of strangulation and such a finding does not shock [the trial c]ourt's sense of justice.

Trial court Rule 1925(a) opinion, 12/30/19 at 5. This court agrees.

In his brief, appellant invites us to do nothing more than assess the victim's credibility and reweigh the evidence in an attempt to convince us to reach a different result than the jury reached. We decline appellant's invitation. The jury, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. Appellate courts cannot and do not substitute their judgment for that of the fact-finder.

J. S31045/20

Here, the trial court did not abuse its discretion in concluding that the verdict was not against the weight of the evidence. Insofar as the verdict was based on reason and not conjecture, we find no ground for granting appellant's motion for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020